RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/4/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CORMIE'S GROCERY & DELI, INC. C/B/A CORMIE'S GROCERY | : | DOCKET NO. 2:12-562 |
| VS. | : | JUDGE TRIMBLE |
| COLONY INSURANCE COMPANY, MIKE DEMARIE AND MIKE DEMARIE INSURANCE AGENCY, INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court are two motions: (1)"Plaintiff's Motion for Partial Summary Judgment" (R. #47) wherein Cormie's Grocery & Deli, Inc. d/b/a Cormier's Grocery ("Cormie's") moves for partial summary judgment in its favor as to the undisputed portion of its claim for lost business income, and (2) Colony Insurance Company's Cross-Motion for Summary Judgment ( R.#72) filed by defendant, Colony Insurance Company wherein Colony seeks to dismiss this lawsuit because it owes Cormie's no further payments.

## FACTUAL STATEMENT

On June 24, 2011, a fire burned Cormie's Grocery to the ground; the fuel pumps and canopy were minimally affected by the fire. Colony had issued a policy of insurance during the relevant period. The policy provided coverage for lost business income with a policy limit of $416,000.00, as well as a 1/4 monthly limit, or $104,000.00. The "period of restoration" being 72 hours after the time of direct physical loss and ends on the date when the property should be repaired, rebuilt, or replaced with similar quality and reasonable speed. Cormie's filed a claim with Colony for business

income losses under the policy..

Colony retained U.S. Financial Group LLC ("USFG") to adjust the amount of business income loss based on a twelve-month period of restoration, or until June 18, 2012. Using Cormier's business information, documents, and financial records, USFG calculated a projected business loss of $215,054.00 from the loss until June 18, 2012. Colony paid Cormie's $99,281.00 which represented business income loss through December 23, 2011 ("period of restoration").

Christopher Cormie declares in his affidavit that when he inquired why the check did not reflect the total amount of the lost business income, he was informed by Paul Hudgins, Senior Claims Examiner at Colony Specialty that additional checks would be issued for the adjusted lost business income throughout the "period of restoration." Cormies further represents that the store had not been rebuilt nor had the business reopened as of June 18, 2012. Cormies states that Colony has requested no additional documentation, nor did Colony indicate that it did not have satisfactory proof of loss. Cormie's complains that Colony failed to pay the remaining business income loss for the remaining period of restoration.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a

---

[1] Fed. R.Civ. P. 56(c).

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

2

material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

In this motion, Cormie's maintains that Colony has failed to pay the undisputed amount of business income loss under the policy; Cormie's seeks the remaining amount as well as penalties and attorneys fees for failure to pay the insured within the time periods set out by Louisiana statutes governing such payment. Colony submits that Cormies has not provided evidence that any further

---

[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[5] Anderson, 477 U.S. at 249.

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[8] Anderson, 477 U.S. at 249-50.

sums are due under the policy and that it actually overpaid the insured. Colony submits summary judgment evidence to show that Cormies was operating its gasoline stations and food service as early as October 18, 2011. Colony asserts that it paid the business loss income in advance (up until December, 2011), and that it is possible that Cormie's was overpaid and owes it money for the overpayment. Colony also remarks that Cormies suggested in their reply brief to their motion for summary judgment, that there had been a change of ownership to Brookshire Brothers as early as November 2012. Thus, from the time of the change of ownership, because Cormies no longer had an insurable interest, there would be no payments due for business income loss. In its cross-motion, Colony maintains that no further payments are due, and therefore, Cormie's has no claim for either underpayment or statutory penalties requiring dismissal of the lawsuit.

We agree that an insured must have an insurable interest in the property in order to recover on an insurance policy.[9] The court finds that, there is a genuine issue of material fact as to when the ownership in the business was transferred. The court further finds that there is a genuine issue of material fact as to when Cormies started operating its gasoline stations and food services, and the amount of net income Cormies received, all of which could easily be obtained from both the Internal Revenue Service and/or plaintiff's financial reports.[10] Until the court can determine these dates with certainty and fix conclusively the restoration period, we cannot determine if Cormies is owed any additional payments for business loss, or if in fact, Cormies was overpaid and owes Colony a refund for overpayments.

---

[9] Haddad v. Elkhateeb, 46 So.3d 244, writ denied, (La.11/12/10) 49 So.3d 895.

[10] See Affidavit of Paul J. Hudgins, ¶ 6, R. #57-1.

## CONCLUSION

Based on the foregoing the motion for summary judgment and cross-motion for summary judgment will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 4th day of April, 2013.

*James Trimble*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE